EDWARD E. DORMAN v. JAMES G. WILSON.

When a note of a third party is received by a creditor from his debtor, on account, and a receipt given for the same, the transaction is open to explanation by parol evidence.

In error to the Union county Circuit Court.

For the plaintiff in error, *F. McGee.*

For the defendant, *James J. Bergen.*

Dorman v. Wilson.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The defendant was indebted to the plaintiff, and on that account passed to him the note of a manufacturing company, and the only question mooted in the case was as to the effect of the receipt of this note.  The judge presiding at the trial left it to the jury, under the circumstances in proof, to decide whether or not this note was received in payment, or merely on account, to be deemed a satisfaction, *pro tanto*, if paid.  In the conduct of the cause in this particular, the counsel of the defendant insisted that there is error.

This contention we deem unfounded.  The principal ground assigned in its support was, that when the note was given, the plaintiff gave a receipt for it, " on account of the work done" for him.  But a receipt can be explained, and can be so explained by anything which occurs either at the time of giving it or subsequently.  It is neither a deed nor a perfected contract, which has the effect to shut out all parol evidence tending to vary its effect.  Nor can the subsequent receipt on settlement have any greater legal efficacy.  The testimony of the plaintiff—its tendency being to show that he and the defendant did not, at the time the note was taken, understand that it was an absolute payment—necessitated the sending of the question to the jury, as was done.

With regard to the other objection, that the court left to the jury the question whether the defendant, at the time he passed to the plaintiff the note in question, knew that the maker of such note was insolvent, when, as is alleged, there was no evidence of such knowledge, it seems to me that the answer is obvious.  There was some evidence connecting the defendant with the business of the maker of this note, and although it may be true that the jury were not warranted in finding the fact of knowledge from such insufficient proofs, still, the referring the matter to the consideration of the jury cannot be assigned as error in law.  There was no misstatement of any legal rule, and if the evidence was so slight as to be unworthy of serious consideration, and there was reason to

believe that the jury founded their action upon it, the appropriate and adequate remedy was a motion for a new trial.

The other grounds presented for consideration have been duly weighed, but do not appear to be of sufficient magnitude to call for particular comment.

The judgment must be affirmed, with costs.

*For affirmance* — THE CHIEF JUSTICE, DALRIMPLE, DEPUE, DIXON, KNAPP, SCUDDER, WOODHULL, CLEMENT, GREEN, LILLY.    10.

*For reversal*—None.